```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
BRUCE YUILLE,                                                  :
                                                               :
                          Plaintiff,                           :
                                                               :    22-cv-7453 (LJL)
              -v-                                              :
                                                               :    MEMORANDUM &
UPHOLD HQ INC.,                                                :    ORDER
                                                               :
                          Defendant.                           :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/09/2023

LEWIS J. LIMAN, United States District Judge:

      Defendant Uphold HQ, Inc. ("Defendant" or "Uphold") makes a request, pursuant to Rule 13(b)(3) of the Rules for the Division of Business Among District Judges, Southern District of New York, that the Court deem this action related to *Nero, et al. v. Uphold HQ Inc., et al.*, 22-cv-01602 (S.D.N.Y.) (the "Nero Action"), an earlier-filed action pending before the Hon. Denise L. Cote, and refer the question of whether the two cases should be consolidated to Judge Cote. Dkt. No. 43. Plaintiff Bruce Yuille ("Plaintiff") opposes Defendant's motion. Dkt. No. 44. The motion is denied.

      The claims in the two cases arise from different factual circumstances and involve different transactions and events. The allegations of the Nero Action focus on vulnerabilities in Defendant's two-factor authentication system. *See, e.g.*, Nero Action, Dkt. No. 63 ¶¶ 70–110 (section entitled "Upholds Two-Factor Authentication and One-Time Password Practices"); *id.* ¶¶ 18, 21, 26, 29, 30, 186, 195, 203, 208, 211, 218, 223, 225 (allegations concerning the named plaintiffs and Defendant's two-factor authentication system). In contrast, Plaintiff's allegations do not focus on Defendant's two-factor authentication system; the complaint contains a single reference to potential failures in the two-factor authentication system with respect to Plaintiff's account. *See* Dkt. No. 3 ¶ 33 ("In addition, it appears that Uphold may have permitted Mr. Yuille's two-factor authentication to be turned off, modified, or accessed without Mr. Yuille's consent."). And there are important factual distinctions between this case and the Nero Action. For example, Plaintiff alerted Defendant of potential irregularities with his account *before* the transfers of Plaintiff's assets were initiated, *see* Dkt. No. 3 ¶¶ 51–54; in the Nero Action, all the named plaintiffs contacted Uphold *after* the transfers were initiated, *see* Nero Action, Dkt. No. 63 ¶¶ 2, 14, 19, 26, 60.

      Although there may be some duplication of effort in addressing the EFTA claim in the two cases, the judicial system as a whole benefits from the percolation of issues and whatever duplication of effort exists from deciding the same legal question is outweighed by the duplication of effort that would be necessary if this case were transferred to Judge Cote. The only claims that remain in the Nero Action are the EFTA claim and a negligence *per se* claim,

*see id.* ¶¶ 246–51 (Negligence *Per Se*); *id.* ¶¶ 252–76 (Violation of the ETFA); in contrast, Plaintiff also has live claims for violations of New York Business Law § 349 and the Michigan Consumers Protection Act, intentional misrepresentation, negligence, gross negligence, and a declaratory judgment under 28 U.S.C. § 2201.  This action has been pending for over nine months, and the Court has managed the litigation during that time and developed familiarity with the claims and allegations.  If this case is transferred to Judge Cote, she would be required to expend effort already expended by this Court familiarizing herself with the case and decide the pending motion to dismiss.  Though there is some risk that Defendant could be subjected to conflicting orders with respect to one of the claims in the Nero Action and this action, that risk alone is not sufficient for the Court to deem the cases related.

   Accordingly, Defendant's request that the Court deem this action related to the Nero Action is DENIED.

   SO ORDERED.

Dated: June 9, 2023
   New York, New York

                 LEWIS J. LIMAN
                United States District Judge